IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 90-5567 and 91-5510
_____


TEXAS PIG STANDS, INC.,

Plaintiff-Appellant-
Cross-Appellee,

v.

HARD ROCK CAFE INTERNATIONAL, INC.,

Defendant-Appellee-
Cross-Appellant.

TEXAS PIG STANDS, INC.,

Plaintiff-Appellee,

v.

HARD ROCK INTERNATIONAL, INC.,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Western District of Texas
_____

(Opinion Jan. 29, 1992, 5th Cir., 1992_____F.2d_____)

(July 9, 1992)


BEFORE BROWN, JOHNSON and BARKSDALE, Circuit Judges.

PER CURIAM:

ON SUGGESTION FOR REHEARING EN BANC

In the suggestion for rehearing en banc, Texas Pig Stands

contends that the Court's decision is inconsistent with and in

conflict with this Court's earlier decision in <u>Maltina Corp.</u> <u>v. Cawy Bottling Co., Inc.</u>, 613 F.2d 582 (5th Cir. 1980).

Nothing in the Court's opinion affords any basis for this attack. In the first place, the opinion does not slight the case since <u>Maltina</u> was cited twice. <u>See</u> 951 F.2d at 695 and 951 F.2d at 699. This Court recognizes <u>Maltina</u> to be the law of the Fifth Circuit in its holding that (i) absence of competitors or (ii) failure of proof showing diversion of the mark owner's sales is no defense to the claim for Defendant's profits under 15 U.S.C. § 1117.

The reason why Hard Rock Cafe's profits were not awarded was not based on (i) absence of competitors or (ii) no evidence of diversion; it was, rather, based solely on the lack of evidence showing that any of Defendant's profits <u>were the result of its infringement of the mark</u>.

The trial court in granting <u>j.n.o.v.</u> on unjust enrichment expressly found:

> Hard Rock 'would have sold just as many pig sandwiches by any other name' and that 'there is no basis for inferring that any of the profits received by [Hard Rock] from the sale of pig sandwiches are attributable to infringment.'

951 F.2d at 696.[1]

_____

[1] The trial court made specific findings to the effect that "there was no proof as to the value of plaintiff's good will in Dallas today." 951 F.2d at 696.

The overriding principle comes from the Supreme Court that as to recovery of infringer's profits:

> The plaintiff, of course, is not entitled to profits demonstrably not attributable to the unlawful use of his mark. Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 316 U.S. 203, 206, 62 S.Ct. 1022, 1024, 86 L.Ed. at 1385 (1941).

Mishawaka has been followed and cited numerous times in many federal courts, including the Ninth Circuit in its decision in Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d 117 (9th Cir. 1968), adopted in Maltina.

> If it can be shown that the infringment had no relation to profits made by the defendant, that some purchasers bought goods bearing the infringing mark because of the defendant's recommendation or his reputation or for any reason other than a response to the difused appeal of the plaintiff's symbol, the burden of showing this is upon the poacher. The plaintiff, of course, is not entitled to profits demonstrably not attributable to the unlawful use of his mark. (Emphasis added).

Maier, 390 F.2d at 124 (quoting Mishawaka, 316 U.S. at 206, 62 S.Ct. at 1024, 86 L.Ed. at 1385).[2]

Treating the suggestion for rehearing en banc as a

---

[2] See also Burndy Corp. v. Teledyne Indus., Inc., 748 F.2d 767, 772 (2d Cir. 1984); Comidas Exquisitos, Inc. v. Carlos McGee's Mexican Cafe, Inc., 602 F.Supp. 191, 199 (S.D. Iowa), aff'd, 775 F.2d 260 (8th Cir. 1985) and Alpo Petfoods, Inc. v. Ralston Purina Co., 913 F.2d 958, 966 (D.C. Cir. 1990).

petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED.  No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.

JOHNSON, Circuit Judge, dissenting.

Because the majority's opinion denying rehearing in no way resolves the majority's central error, I continue to disagree with the majority and respectfully dissent from the denial of rehearing.

In this writer's view, the central tenet of *Maltina Corp. v. Cawy Bottling Co., Inc.*, 613 F.2d 582 (5th Cir. 1980), is that if the trademark laws are to effectively protect economic property rights, violation of those laws must be rendered unprofitable. In this case, as noted in the original dissent, 951 F.2d at 699, there were two avenues by which Hard Rock's willful, knowing, and deliberate infringement could be rendered unprofitable: Texas Pig Stands might have been awarded Hard Rock's profits, or Texas Pig Stands might have been awarded its attorneys' fees. While the majority has now reinforced its blockading of <u>one</u> of these avenues (awarding Hard Rock's profits to Texas Pig Stands), the majority has not said anything further about the district court's award of attorneys' fees to Texas Pig Stands, or why that award should be reversed. The entire burden of Hard Rock's willful, knowing, and deliberate infringement continues to be borne solely by Texas Pig Stands, the innocent victim. The majority's resolution of this case thus remains irreconcilable with the teaching of *Maltina*, and I must continue to dissent.